UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ALROMA, LLC, *et al*, | ) | |
| Plaintiffs, | ) | Case No. 2:11-cv-01393-GMN-GWF |
| vs. | ) | **ORDER** |
| SILVERLEAF FINANCIAL, LLC, *et al.*, | ) | Motion to Withdraw (#33) |
| Defendants. | ) | Motion to Compel Mediation (#40) |

This matter comes before the Court on Hutchison & Steffen's Motion to Withdraw and for Entry of Final Judgment for Costs and Fees (#33), filed on January 19, 2012; Plaintiffs' Limited Opposition to Hutchison & Steffen's Motion to Withdraw and for Entry of Final Judgment for Costs and Fees (#34), filed on January 24, 2012;  and Hutchison & Steffen's Reply to Plaintiffs' Response to Motion to Withdraw and for Entry of Final Judgment for Costs and Fees (#35).  Also before the Court is NMBL Capital Group, Inc.'s Emergency Motion to Compel Mediation in Good Faith (#40), filed on February 17, 2012.

**I.      Motion to Withdraw as Counsel (#33)**

Defendants' counsel Hutchison & Steffen requests the Court allow it to withdraw from representing Defendants Silverleaf Financial, LLC, Dwight Shane Baldwin and Kimberly Schneider.  The Court finds Hutchison & Steffen substantially established good cause for withdrawal in this case and therefore grants its request.  Hutchison & Steffen further request the Court enter a final judgment of costs and fees in the amount of $35,942.81, for attorney's fees and costs incurred to date.  The Court will take this matter under consideration and enter a report and recommendation.

## II. Motion to Compel Mediation in Good Faith (#40)

On December 16, 2011, the Court granted Plaintiff's Motion for a Settlement Conference, giving the parties until January 4, 2012 to file a status report concerning the party's agreement to mediate. On January 4, 2012, the parties informed the Court they have agreed to mediation with a private mediator on February 23, 2012. In light of Hutchison & Steffen's withdrawal and other representations made by Defendants, Plaintiff NMBL Capital Group requests that the Court compel Defendants to attend the scheduled mediation and participate in good faith. The Court will grant Plaintiff's Motion to Compel Mediation in Good Faith to the extent that if Defendants do not appear for the scheduled mediation conference and make a good faith effort to mediate, the Court will entertain a motion for award of expenses incurred by Plaintiffs, together with the reasonable attorney's fees and costs associated with Defendants' failure to participate in the mediation conference. Accordingly,

**IT IS HEREBY ORDERED** that Hutchinson & Steffen's Motion to Withdraw as Counsel for Silverleaf Financial, LLC, Dwight Shane Baldwin, and Kim Schneider (#33) is **granted**.

**IT IS FURTHER ORDERED** that Dwight Shane Baldwin and Kim Schneider shall have until **Thursday, March 22, 2012**, to advise the Court if they will retain new counsel. While Dwight Shane Baldwin and Kim Schneider may choose to retain new counsel or proceed *in proper person*, **Silverleaf Financial LLC** must retain new counsel if it intends to continue to litigate this matter. A corporation may appear in federal court only through licensed counsel. *U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall:

1. add the last known address of **Dwight Shane Baldwin** and **Kimberly Schneider** to the civil docket:

   **Dwight Shane Baldwin**
   239 South Main Street, 15th Fl
   Salt Lake City, UT 84111

   **Kimberly Schneider**
   239 South Main Street, 15th Fl
   Salt Lake City, UT 84111

. . .

2. add the last known address of **Silverleaf Financial, LLC** to the civil docket:

**Silverleaf Financial, LLC**
239 South Main Street, 15th Fl
Salt Lake City, UT 84111

3. serve **Dwight Shane Baldwin, Kimberly Schneider and Silverleaf Financial LLC** with a copy of this order at their last known addresses listed above.

**IT IS FURTHER ORDERED** NMBL Capital Group, Inc.'s Emergency Motion to Compel Mediation in Good Faith (#40) is **granted** to the extent that if Defendants do not appear for the scheduled mediation conference and make a good faith effort to mediate on February 23, 2012, the Court will entertain a motion for award of expenses incurred by Plaintiffs, together with the reasonable attorney's fees and costs associated with Defendants' failure to participate in the mediation conference.

DATED this 22nd day of February, 2012.

_George Foley Jr._
**GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE**