UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALROMA, LLC, *et al*, | ) |
|              Plaintiffs, | ) Case No. 2:11-cv-01393-GMN-GWFA |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| SILVERLEAF FINANCIAL, LLC, *et al.*, | ) Motion for Entry of Judgment |
| | ) of Attorney's Fees and Costs (#33) |
|              Defendants. | ) |

This matter comes before the Court on Hutchison & Steffen's Motion to Withdraw and for Entry of Final Judgment for Costs and Fees (#33), filed on January 19, 2012; Plaintiffs' Limited Opposition to Hutchison & Steffen's Motion to Withdraw and for Entry of Final Judgment for Costs and Fees (#34), filed on January 24, 2012; and Hutchison & Steffen's Reply to Plaintiffs' Response to Motion to Withdraw and for Entry of Final Judgment for Costs and Fees (#35). On February 21, 2012, the Court held a hearing on this matter. At the hearing, the Court granted Hutchison & Steffen's Motion to Withdraw, but reserved ruling on their Motion for Entry of Judgment of Attorney's Fees and Costs. Hutchison & Steffen request the Court enter a judgment against Defendants Silverleaf Financial LLC, Dwight Shane Baldwin and Kimberly Schneider in the amount of $35,942.81 for the attorney's fees and costs incurred to date. Hutchison and Steffen cites *Gordon v. Stewart*, 74 Nev. 115, 118, 324 P.2d 234, 236 (1958), to support their position that the trial court has jurisdiction and authority to a judgment of attorney's fees and costs in favor of the withdrawing attorney.

The Court finds Hutchison & Steffen's argument unpersuasive in light of recent case law rejecting *Gordon v. Stewart*. *See Argentena Consolidated Mining Co. v. Jolley Urga Wirth*

*Woodbury & Standish*, 216 P.3d 779, 784 (Nev. 2009).  In *Argentena*, the Nevada Supreme Court rejected "*Gordon* to the extent that [the opinion] indicate[s] that the district court has the power to resolve a fee dispute in the underlying action irrespective of whether the attorney sought adjudication of a lien." *Argentena*, 216 P.3d at 786.  Where an attorney does not have an enforceable lien, "the proper method by which the attorney should seek adjudication of the fee dispute is an action against his or her former client in a *separate proceeding*." *Id.* at 787 (emphasis added).  In the absence of an enforceable lien, the Court lacks jurisdiction to hear this dispute. *Filmkraft Productions India Pvt Ltd. v. Spektrum Entertainment, Inc.,* 2010 WL 4986269 (D. Nev. 2010.)

Nevada recognizes two kinds of attorney's liens: a charging lien and a retaining lien.  A charging lien is created by statute and attaches to the judgment or settlement that the attorney obtained for the client.  *See* NRS 18.015.  A retaining lien allows a discharged attorney to withhold the client's file and other property until the court, at the request or consent of the client, adjudicates the client's rights and obligations with respect to the lien. *Argentena,* 216 P.3d at 784.  Hutchison & Steffen cannot obtain a charging lien in this case because they withdrew prior to the entry of a judgment or settlement.  NRS 18.015.  Further, to the extent that Hutchison & Steffen are requesting adjudication of a retaining lien, this Court is unable to provide such relief.  In *Argentena*, the court held that "a retaining lien is a passive lien that cannot be actively enforced by the attorney in judicial proceedings." *Id.* at 784.  Instead,  it is the client that decides whether it wants to extinguish the lien by requesting the court compel production of the client's files in exchange for providing adequate security. *Id.*  Here, the client-Defendants have neither requested nor consented to the district court's adjudication of a retaining lien.  Therefore no retaining lien exists.  Because no enforceable lien exists, the Court finds it lacks jurisdiction to adjudicate the instant motion. *Filmkraft Productions,* 2010 WL 4986269, *2.  Accordingly,

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Hutchison & Steffen's Motion for Entry of Final Judgment for Costs and Fees (#33) be **denied**.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 24th day of February, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge