UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALROMA, LLC, *et al*, ) | |
| ) | Case No. 2:11-cv-01393-GMN-GWF |
| Plaintiffs, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | Motion to Deem Request to Admit |
| SILVERLEAF FINANCIAL, LLC, *et al.*, ) | Admitted (#56) |
| ) | |
| Defendants. ) | |

This matter comes before the Court on MNBL Capital Group, Inc.'s Motion to Deem Requests to Admit Admitted as to Silverleaf Financial, LLC. (#56), filed on March 28, 2012; Opposition to Plaintiffs' Motion to Deem Requests for Admissions Granted and Counter-Motion to Withdraw Any Requests Deemed Admitted Pursuant to FRCP 26(b) (#61), filed on April 13, 2012; and Reply in Support of Motion and Opposition to Defendant's Counter-Motion (#63), filed on April 23, 2012.

Plaintiff NMBL Capital Group, Inc. (NMBL) requests the Court deem Defendant Silverleaf Financial, LLC's (Silverleaf) requests for admissions admitted based on their untimeliness and Silverleaf's failure to participate in this litigation in good faith. NMBL alleges that Silverleaf improperly denied all but one request in a continuing effort to misrepresent the ownership of several properties at issue. In response, Silverleaf admits that the requests for admissions were served on March 23, 2012, one day after the deadline set by the Court (*see* #41), but argues that the one day delay is harmless. Silverleaf explains that current counsel appeared in the case on March 19, 2012, and inadvertently mis-calendared the due date for the requests. Silverleaf,

. . .

alternatively, seeks to withdraw the request pursuant to Fed, R. Civ. Pro. 36(b) if the Court finds the requests admitted.

Pursuant to Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Here, the requests for admission were served one day late.  The Court finds this minimal delay in service excusable in light of new counsel making an appearance in this matter just four days prior to the deadline and counsel's inadvertence in mis-calendaring the deadline.  Additionally, the Court finds NMBL has suffered no prejudice from Silverleaf's delay in serving the requests for admissions.  Considering the unique circumstances of this case, the court will exercise its discretion and decline to deemed Silverleaf's Requests for Admission admitted.  *See Barrera v. Western United Ins. Co.*, 2010 WL 4973762, *2 (D. Nev. 2010).  Accordingly,

**IT IS HEREBY ORDERED** that MNBL Capital Group, Inc.'s Motion to Deem Requests to Admit Admitted as to Silverleaf Financial, LLC. (#56) is **denied**.

DATED this 1st day of May, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge