1

2

3

4

5          **UNITED STATES DISTRICT COURT**

6              **DISTRICT OF NEVADA**

7

8    ALROMA, LLC, *et al*,                    )
                                              )
9              Plaintiffs,                    )    Case No. 2:11-cv-01393-GMN-GWF
                                              )
10   vs.                                      )    **ORDER**
                                              )
11   SILVERLEAF FINANCIAL, LLC, *et al.*,     )    Renewed Motion for Sanctions (#57)
                                              )
12             Defendants.                    )
                                              )
     _____ )

13

14       This matter comes before the Court on Plaintiffs' Renewed Motion for Sanctions Against

15   Defendants Silverleaf Financial LLC, Dwight Shane Baldwin and Kim Schneider (#57), filed on

16   March 30, 2012; Defendants Opposition to Plaintiffs' Renewed Motion for Sanctions (#62), filed

17   on April 16, 2012; and Plaintiffs' Reply in Support of Renewed Motion for Sanctions (#64), filed

18   on April 26, 2012.

19                          **BACKGROUND**

20       On December 6, 2011, Plaintiffs filed a Motion for Settlement Conference (#25).  The

21   Court granted the motion and ordered the parties to file a status report by January 4, 2012,

22   informing the Court of the details of the finalized mediation agreement.  On January 4, 2012, the

23   parties filed a Joint Status Report (#32) indicating that the parties have agreed to mediate on

24   February 23, 2012.  On January 19, 2012, Defendants' attorney filed a Motion to Withdraw as

25   Counsel (#33) and on February 17, 2012, Plaintiffs filed an Emergency Motion to Compel

26   Mediation in Good Faith (#40).  The Court heard arguments on both motions on February 21, 2012.

27   The Court allowed Defendants' counsel to withdrawal and granted the Motion to Compel

28   Mediation to the extent that if Defendants do not appear and make a good faith effort to participate

1    on February 23, 2012, the Court will entertain a motion for an award of expenses.  (*See* #41.)

2    Defendants failed to attend the mediation.  Plaintiffs then filed a Motion for Sanctions against

3    Defendants, requesting reimbursement of $30,000 in fees and costs associated with Defendants'

4    failure to attend the mediation.  On March 29, 2012, the Court conducted a hearing on the Motion

5    for Sanctions.  (*See* #58.)  The Court denied Plaintiffs' motion without prejudice, noting that

6    Plaintiffs did not provide any legal authority for their requested fees.  (*See* #58.)  The Court further

7    cautioned Plaintiffs that it would not entertain the amount of fees sought in the motion.  Plaintiffs

8    thereafter filed this Renewed Motion for Sanctions, requesting reimbursement of $7,500 in fees and

9    costs associated with Defendants' failure to attend the mediation pursuant to Fed. R. Civ. P. 16(f).

## DISCUSSION

11       Rule 16(f) provides for sanctions when a party or their attorney fails to obey a scheduling or

12   pretrial order. Fed. R. Civ. P. 16(f).  The sanction must include the repayment of "reasonable

13   expenses incurred because of any non-compliance with this rule, including attorney's fees, unless

14   the judge finds that the non-compliance was substantially justified or other circumstances make an

15   award of expenses unjust."  Here, the Court granted Plaintiffs' Motion for a Settlement Conference

16   and ordered the parties to finalize a mediation agreement by January 4, 2012. (*See* #31.)  The Court

17   further granted Plaintiffs' Motion to Compel Mediation in Good Faith to the extent that if

18   Defendants do not show up and make a good faith effort to mediate, the Court would entertain a

19   motion for expenses. (*See* #41.)  Defendants' failure to attend the mediation was in violation of

20   these pretrial orders.  The Court therefore finds that an award of attorney's fees and costs is

21   appropriate.

22       The Supreme Court has held that reasonable attorney fees must "be calculated according to

23   the prevailing market rates in the relevant community," considering the fees charged by "lawyers of

24   reasonably comparable skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895-96

25   n. 11, 104 S.Ct. 1541 (1984).  Courts typically use a two-step process when determining fee

26   awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must

27   calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation

28   and multiplying it by a reasonable hourly rate."  *Id.*  Furthermore, other factors should be taken into

1  consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City*

2  *of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  "The party seeking an award of fees should

3  submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of

4  hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*,

5  461 U.S. 424, 433 (1983).  Second, the Court "may adjust the lodestar, [only on rare and

6  exceptional occasions], upward or downward using a multiplier based on factors not subsumed in

7  the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041,

8  1045 (9th Cir. 2000).

9      Plaintiffs request a total of $7,500 in fees associated with the Defendants' failure to attend

10  the scheduled mediation.  Plaintiffs request reimbursement of attorneys' fees at an hourly rate of

11  $400 for the time of Albert Marquis Esq., $325 per hour for the time of Scott Marquis, Esq., and

12  $245 per hour for the time of Erik Fox, Esq.  Defendants do not oppose the hourly rates charged.

13  After reviewing the motion and the affidavit of Erik Fox, Esq., the Court finds that Plaintiffs have

14  offered sufficient evidence that the above hourly rates are reasonable.

15      Plaintiffs' counsel states that a total of $10,005.50 was incurred as a result of Defendants'

16  failure to appear at the mediation including: $7,261 in attorney fees for preparing the mediation

17  brief, $944.50 in fees for attending the mediation, and $1,800 in costs for the non-refundable

18  mediator deposit.  Plaintiffs reduced their total fees and costs by approximately 25% percent, and

19  request the Court reimburse them for $7,500.  Defendants object to the requested fees arguing

20  Plaintiffs' motion should be denied in its entirety and that the requested fees are excessive.  The

21  Court however finds that $7,500 incurred in fees and costs based on Defendants' failure to attend

22  the agreed upon mediation is reasonable.  The relevant factors are subsumed in this calculation of

23  the reasonable attorneys' fees, and there are no other exceptional circumstances which warrant

24  enhancement or reduction of the fees.  Accordingly,

25  . . .

26  . . .

27  . . .

28  . . .

1      **IT IS HEREBY ORDERED** that Plaintiffs' Renewed Motion for Sanctions Against

2  Defendants Silverleaf Financial LLC, Dwight Shane Baldwin and Kim Schneider (#57) is **granted**.

3  Defendants shall pay Plaintiffs the sum total of **$7,500** no later than **June 1, 2012.**

4      DATED this 1st day of May, 2012.

5

6                                        _____

GEORGE FOLEY, JR.

7                                        United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28